UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-177-KSF

FREDDY S. CAMPBELL                                                                               PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

CREDIT BUREAU SYSTEMS, INC., ET AL.                                           DEFENDANTS

      Freddy S. Campbell, who is confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington") has filed a *pro se* civil complaint [Record No. 2]. Campbell asserts claims against three non-governmental defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). Campbell filed an "Application to Proceed *In Forma Pauperis,*" which the Court has addressed by separate Order [Record No. 6].

      This matter is before the Court for initial screening. 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

      This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff names the following defendants and provides the following addresses for them: (1) Credit Bureau Systems, Inc., 100 Fulton Court, Paducah, Kentucky 42001-9004; (2) GLA Collections, P.O. Box 991199, Louisville, Kentucky 40269-1199; and (3) Professional Collections, P. O. Box 8306, Charleston, West Virginia 24303-0306.

## CLAIMS

The plaintiff alleges that the named defendants have violated the provisions of the FDCPA. Summarized, he alleges that the defendants either failed and/or refused to comply with "cease and desist" letters which he sent each of them in the early part of 2008 [*See* Record Nos. 5-2, pp. 1-3]. He alleges that they also failed to comply with other aspects of the FDCPA.

## RELIEF REQUESTED

The plaintiff demands damages in the amount of $30,000.00. He also seeks unspecified punitive damages.

## ALLEGATIONS OF THE COMPLAINT

The following is a reconstruction of the facts, according to information contained in the plaintiff's complaint [Record No. 2] and his subsequently filed "Motion to Amend" [Record No. 5]. The Court will separately summarize the claims against each of the three defendants.

### 1. GLA Company Inc.

In his complaint [Record No. 2], the plaintiff alleges that on February 19, 2008, he sent a letter to GLA Collections, via certified mail, Return Receipt No. 7002 0860 006 8152 4452 [*See* Record No. 2, p.2, ¶ 11]. Plaintiff alleges that in that letter, he disputed the validity of two different debts, identifying those debts by the account numbers [*Id*.]. The plaintiff did not

2

provide the Court with a copy of that letter, although he did attach to his "Motion to Amend" [Record No. 5], copies of his letters to the other two defendants in this action.

The record does not reveal the exact date on which GLA Collections received the plaintiff's February 19, 2008 letter. The plaintiff did not attach the green card showing the date of receipt by GLA Collections. It appears, however, that the letter was in fact received, because the plaintiff attached a three-page response from GLA Collections, which response is dated March 19, 2008 [Record No. 5-2, pp. 6-8]. That response consisted of a one-page cover sheet [*Id*., p.6] and a two-page itemization of charges for medical services which he had incurred on September 27, 2005, at the Kings Daughters Medical Center ("KDMC") located in Ashland, Kentucky [*Id*., pp. 7-8].[1] In the cover sheet, GLA Collections states as follows:

> "The following is an Itemization of your accounts as of March 19, 2008. Please retain this copy for your records. For your convenience we have included all interest paid last year and this current year to date.
>
> **N O T I C E**   The federal law requires we inform you that this is an attempt by a debt collector to collect a debt. Any information will be used for that purpose.[2]

[*Id*., p. 6].

In his complaint, the plaintiff alleged that on or around March 2 or 3, 2008, he received a "reminder notice from GLA Collections Company INC attempting to collect the sum of $225.59 for account no. 9120560004799103, in behalf of the [KDMC]." [*See* Complaint, Record No. 2, p.2, ¶ 14]. It appears that the plaintiff is referring to a February 29, 2008 letter from GLA Collections to the plaintiff, reminding him that payment in full in the amount of $225.59 was due

---

[1] GLA Collections lists its address as "2630 Gleeson Lane, Louisville, Kentucky, 40299."

[2] All of the information set forth in GLA Collections' cover sheet was typed in capital letters.

3

on the account [Record No. 5-2, p.5].

Plaintiff alleges that GLA Collections violated his rights under the FDCPA by: (1) failing to inform him that he had 30 days in which to dispute the validity of all portions of his debt [*See* Complaint, Record No. 2, p.3, ¶ 21]; (2) sending him a debt notice (the one dated February 29, 2008) after he had sent the "cease and desist" letter of February 19, 2008 [*Id.*, ¶ 22]; and (3) failing to provide him with "proof /signature of the debts" [*Id.*, ¶ 24].

Again, in his two filings, the plaintiff did not establish the date on which GLA Collections actually received his February 19, 2008 letter disputing the validity of his debt and requesting verification of same. Accordingly, it is not known whether GLA Collections had actually received the February 19, 2008 letter by the time it had either generated and/or sent the February 29, 2008, letter reminding the plaintiff of his $225.59 debt.

## 2. Credit Bureau Systems, Inc.

In his complaint, the plaintiff alleges that on February 19, 2008, he sent a letter to Credit Bureau Systems, Inc. ("CBSI") via certified mail, Return Receipt No. 7002 0860 006 8152 4483 [*See* Record No. 2, p.2, ¶ 10; and CBSI Certified Mail Receipt, Record No. 5-2, p.4]. Plaintiff alleges that in the February 19, 2008 letter to CBSI, he disputed the validity of one debt, identifying that debt by the account number [*Id.*]

The record does not reveal the exact date on which CBSI received the February 19, 2008 letter. The plaintiff did not attach the green card showing the date of receipt by CBSI. It appears, however, that the letter was in fact received, because the plaintiff attached a two-page response from CBSI, dated April 3, 2008 [Record No. 5-2, pp. 9-10]. That response consisted of a one-page cover letter [*Id.*, p.9] and a one-page itemization of charges for medical services which he

4

had originally incurred on September 27, 2005, at the Kings Daughters Diagnostic Center ("KDDC") located in Ashland, Kentucky [*Id*., pp. 7-8]. Sheila Renfro, the Director of Operations of CBSI, GLA Collections stated as follows in the cover letter:

> "Please find enclosed a statement from the original creditor [KDDC] showing the patient, date of service charges and balance owed."

[Record No 5-2., p.9].

Plaintiff acknowledges that he received a response from CBSI. He alleges that the April 3, 2008 response by CBSI was not timely **and** that CBSI failed to provide him with "proof/ signature of the debts." [*See* Complaint, Record No.2, p.3, ¶¶ 20 and 24]. He claims, therefore, that CBSI violated his rights under the FDCPA

### 3. Professional Collectors

In his complaint, the plaintiff alleges that on February 21, 2008, and March 3, 2008, respectively, he sent letters to Professional Collectors, via certified mail [*See* Complaint, Record No. 2, p.2, ¶¶ 12 and 13; and Professional Collectors Certified Mail Receipts, Record No. 5-2, p.4]. Plaintiff alleges that in those letters, he disputed the validity of two debts, identifying those debts by the account numbers [Complaint, p.2, ¶¶ 12 and 13].[3]

The record does not reveal the date on which Professional Collectors received the plaintiff's March 3, 2008 letter. The plaintiff did not attach the green card showing the date of receipt by Professional Collectors. Plaintiff alleges that Professional Collectors failed to respond to his March 3, 2008 letter disputing the validity of the debt. He alleges that Professional

---

[3] Plaintiff explains that he sent the February 21, 2008 letter to a Parkersburg, West Virginia mailing address. He states that letter (February 21) was returned to him, stating that the Parkersburg, West Virginia address was not correct [*See* Complaint, ¶ 12]. He explains that he then sent the letter on March 3, 2008 to Professional Collectors at a Charleston, West Virginia address [*Id*., ¶ 13].

Collectors' failure to do so violated his rights under the FDCPA [*Id*., ¶ 24].

## DISCUSSION

The FDCPA, at § 1692g, specifies the contents of a valid "Notice of Debt."[4]  The statute

---

[4] Title 15 U.S.C.A. § 1692g states as follows in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless

(continued...)

also provides an avenue by which a consumer can dispute the validity of a debt. According to the statute, within thirty days after receiving notice of a debt, a consumer can notify a debt collector in writing that he disputes the debt, or any portion thereof, and request verification of the debt and/or the name of the original debtor.

The Court cannot say at this time that the plaintiff's claims against any of the three named defendants are frivolous. The Court would benefit from further development of the record. The Clerk will be instructed to issue summons for the named defendants.

## CONCLUSION

Accordingly, it **IS ORDERED** as follows:

(1) The defendants Credit Bureau Systems, Inc.; GLA Collections and Professional Collections will be required to respond to the complaint.

(2) The plaintiff's "Motion to Amend" [Record No. 5] is **GRANTED** and the original complaint [Record No. 2] is **AMENDED** to include the submissions filed as Record No. 5.

(3) The Clerk in the divisional office in which the case lies shall prepare and issue summons for Defendants: (A) Credit Bureau Systems, Inc., 100 Fulton Court, Paducah,

---

[4](...continued)
the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

    (c) Admission of liability

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

  - - - -

Kentucky 42001-9004; (B) GLA Collections, P.O. Box 991199, Louisville, Kentucky 40269-1199; and (C) Professional Collections, P. O, Box 8306, Charleston, West Virginia 24303-0306.

(4) The Clerk in the divisional office in which the case lies shall prepare as many copies of the complaint **and** this Memorandum Opinion and Order as there are summonses issued and complete the requisite number of United States Marshal ("USM") Form(s) 285.

(a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(b) The Clerk in the divisional office in which the case lies shall forward to the USM by hand delivery the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Opinion and Order, (v) the requisite number of copies of the "Motion to Amend" [Record No. 5]; and (vi) any other documents necessary to effectuate service.

(c) The Clerk in the divisional office in which the case lies shall enter into the record a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and all other attachments has been effectuated, and the date upon which delivery was effectuated.

(d) The USM Office shall make a return report to the Court of whether the summonses are executed or are still unexecuted within forty (40) days of the date of entry of this Order. This report shall include a copy of the green card showing proof of service or a statement that a green card was not returned from the U.S. Postmaster, along with a track and

confirm from the U.S. Postal Service showing that a proof of delivery does not exist.

(5)     The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in dismissal**.

(6)     For every further pleading or other document the plaintiff wishes to submit for consideration by the Court, he shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This 30th day of April, 2008.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**

9