UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-177-KSF

FREDDY S. CAMPBELL                                                                                          PLAINTIFF

v.                            **OPINION & ORDER**

CREDIT BUREAU SYSTEMS, INC.,                                     DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This civil action filed by the plaintiff, Freddy S. Campbell, is currently before the Court on his claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against two entities: Credit Bureau Systems, Inc. ("CBSI") and GLA Collection Company, Inc. ("GLA"). Both defendants have renewed their motions to dismiss or for summary judgment [DE ## 60 and 63], and these motions are ripe for review. This matter was referred to Magistrate Judge J. Gregory Wehrman pursuant to 28 U.S.C. § 636(b)(1)(A) for a report and recommendation.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2008, Campbell, an inmate at the Federal Medical Center in Lexington, Kentucky, filed this *pro se* civil action asserting claims against the defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Fair Credit Reporting Act, 15 U.S.C. § 1681 [DE #2]. In response, the defendants filed a variety of dispositive motions. Discovery was stayed pending disposition of these motions [DE #37]. Then, on January 27, 2009, the Court partially granted and partially denied CBSI and GLA's motions to dismiss and/or for summary judgment. Specifically, the Court denied the motions without prejudice as to Campbell's claims under the FDCPA, finding additional factual development of the record to be necessary, but granted the

motions as to Campbell's claims under the Fair Credit Reporting Act. The Court further denied Campbell's first and second motions for summary judgment as well as Campbell's motion for default judgment. The Court ultimately dismissed all claims against defendant Professional Collections [DE #47].

The Court's January 27, 2009 opinion explained that although the Court was "substantially inclined" to grant CBSI and GLA's dispositive motions under the settled published authority cited by those parties, relief was inappropriate absent further development of the factual record concerning a single legal issue - whether CBSI and GLA had mailed verification notices to Campbell in 2006 and 2007. Thus, the Court denied CBSI and GLA's motions without prejudice to refiling. Discovery was allowed to proceed on the remaining issue and CBSI and GLA subsequently renewed their dispositive motions [DE ##60 and 63]. Included with their motions were supplemental affidavits addressing mailing of the verification notices to Campbell. Campbell has filed his motion to exclude these affidavits [DE #71].

In his Report and Recommendation of July 14, 2009, Magistrate Judge Wehrman reviewed the procedural history of the case and made the following recommendations. First, with respect to Campbell's motion to reject the supplemental affidavits, the Magistrate Judge concluded that the affidavits and renewed motions were filed at the direction of the Court. Despite Campbell's bare allegations that the affidavits were filed in bad faith, the Magistrate Judge recommends that Campbell's motion to exclude the supplemental affidavits be denied.

Next, the Magistrate Judge turned to CBSI and GLA's renewed motions for summary judgment. For the reasons set forth in the Court's previous opinion of January 27, 2009, and supplemented with the information contained in the supplemental affidavits, the Magistrate Judge concluded that CBSI and GLA did not violate the FDCPA. Accordingly, the Magistrate Judge

recommends that their motions for summary judgment be granted.

Finally, the Magistrate Judge addressed the defendants' renewed request for attorneys' fees. Although the FDCPA allows for attorneys' fees in cases brought in bad faith or for the purpose of harassment, the Magistrate Judge found no basis for finding that Campbell acted in bad faith. Therefore, the Magistrate Judge recommends that the defendants' renewed motion for attorneys' fees be denied [DE #82].

Campbell has filed timely objections to the Magistrate Judge's Report and Recommendation [DE #84]. Specifically, Campbell argues that GLA did not fully comply with the validation notice requirement of the FDCPA because although there were two disputed accounts, the validation notice only addressed one account. GLA has filed its response to Campbell's objections, noting that the validation notice referenced each account and balance, and that GLA sent validations and copies of medical bills for both accounts on March 19, 2008 and April 16, 2008.

## II.     ANALYSIS

This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Reviewing the record, the Court agrees with the Magistrate Judge that CBSI and GLA have fully complied with their duties under the FDCPA. The statutorily required validation notices were sent, Campbell neither received nor responded to those notices, but the notices were not returned by the postal service to the debt collectors as undeliverable. When the thirty-day statutory period granted to Campbell to reply to an initial communication passed, the defendants could continue efforts to collect the debt without fear of violating the FDCPA. However, the record reveals that neither defendant took any additional steps to collect the debt. While Campbell did make an untimely request for information from the defendants, the defendants nevertheless

responded by acquiring and sending to Campbell verification of the debts in the form of itemized bills. Campbell now seeks to punish the defendants for responding to his request. As the Magistrate Judge concluded, the FDCPA simply does not provide the relief that Campbell seeks.

Campbell's sole objection to the Magistrate Judge's Report and Recommendation is his argument that GLA failed to comply with the FDCPA with respect to one of his disputed accounts, However, the record reveals that GLA sent validation and copies of medical bills for both accounts on March 19, 2008 and on April 16, 2008. Having considered Campbell's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Therefore, Campbell's objections will be overruled.

### III. CONCLUSION

For the reasons set forth above, the Court, being otherwise fully and sufficiently advised,

**HEREBY ORDERS** as follows:

(1) the Magistrate Judge's Report and Recommendation [DE #82] is **ADOPTED** as and for the opinion of the Court;

(2) the plaintiff's motion to exclude supplemental affidavits [DE #71] is **DENIED;**

(3) the plaintiff's objections [DE #84] are **OVERRULED**;

(4) the defendants' motions to dismiss and/or for summary judgment [DE #60 and 63] are **GRANTED**; and

(5) judgment in favor of the defendants will be entered contemporaneously with this Opinion & Order.

This September 9, 2009.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**